## VERBAL WARRANTY UNDER A WRITTEN CONTRACT.

Circuit Court of Cuyahoga County.

JOHN A. WEBER v. THE NERNST LAMP COMPANY.

Decided, June 17, 1912.

*Written Contract—Prior Verbal Special Warranty—Evidence of, Not Competent.*

In an action on a written contract for the installation of certain lamps containing the following provision, "This contract annuls any and all agreements, quotations and understandings both written and verbal, if any, which have heretofore existed between the parties hereto, and shall * * * become a contract covering all agreements and understandings, either verbal or written existing between the purchaser and the company," evidence tending to show a verbal special warranty of the lamps made by the agent of the vendor before the signing of said contract, will not be received.

*T. J. Ross*, for plaintiff in error.
*H. A. Couse*, contra.

METCALFE, J. (sitting in place of Winch, J.) ; MARVIN, J., and NIMAN, J., concur.

The defendant in error, the Nernst Lamp Company, was the plaintiff in this action in the court below.

The action was brought before a justice of the peace upon a contract to recover for the price of six lamps sold by the defendant in error to the plaintiff in error. The action was tried before a justice of the peace and appealed to the court of common pleas, where judgment was rendered in favor of the defendant in error, and error is prosecuted here to reverse that judgment.

It appears from the pleadings and the evidence in this case that on the 8th day of August, 1907, the parties entered into a written agreement by which the Nernst Lamp Company agreed to sell to John A. Weber six lamps. The petition is based upon the agreement, but a recovery is sought for the entire amount of the contract, no payments having been made thereon.

The defendant, by way of answer, sets up, first, certain representations claimed to have been made to him by a representative of the company at the time the contract was entered into, and upon the trial of the case in the court of common pleas, the defendant asked leave to file an amended answer. The court refused to grant him leave to file such amended answer, and thereupon the defendant offered to prove certain facts.

Whether there was error in the case in our judgment depends entirely upon the question whether the facts which the defendant below offered to prove upon the trial were of such a kind and character that they were admissible in evidence as a defense in the case. The contract contains several clauses; it does not contain any express warranty. The only part of it which it is necessary for us to consider at this time is the fourth clause, which reads as follows:

"This contract annuls any and all agreements, quotations and understandings, both written and verbal, if any, which have heretofore existed between the parties hereto, and shall be binding upon the company only when approved by the president or the vice-president of the company and when accepted by the purchaser; and so approved, shall become a contract covering all agreements and understandings, either verbal or written, existing between the purchaser and the company."

The amended answer which the defendant below asked leave to file upon the trial, sets forth that the plaintiff, by fraud, procured and induced the defendant to execute and deliver the contract set forth in the petition, by representing to him, in substance, that the lamps in question had a capacity to burn from 600 to 800 hours; that the lighting capacity of six of those lamps was equal to or greater than the total number of lamps which the defendant had installed in his place of business, and that the cost of maintaining the same would be very much less than the cost of maintaining the lamps which the defendant was then using. This, in substance, covers the representations which the answer sets out and claims to have been made by the company to the defendant below.

In support of that answer, the defendant, upon the trial in the court of common pleas, made a general offer to prove certain

things. Some question is raised as to whether this offer was sufficient. We are inclined to think that it is, provided the matter offered to be proven is pertinent to the issue and should have been admitted in evidence.

The offer, in substance, is that before the contract was entered into for the purchase of the lamps, a representative of the Nernst Lamp Company stated to the defendant, Weber, that the lamps in question would burn for the period of 600 to 800 hours; that after examining the lights in the place of business of the defendant he stated that six of the Nernst lamps had a capacity of doing the work of all the small lights in the defendant's place of business, and that the current consumed by the Nernst lamps and the cost of maintaining the same was much less than the cost of maintaining the small lights then in said bar room, which he then examined, and that he would receive a greater amount of light therefrom and better service.

He then offers to prove that the lamps did not come up to the representations made by the representative of the company in lighting capacity, and that the company was notified to that effect and substituted other lamps for the first ones delivered, and that the second installment of lamps did not meet the requirements of the defendant in his place of business better than the first; and other matters of this sort.

The representations claimed to have been made were entirely the representations of a representative of the company, and we think that any statements made by a representative would be entirely covered by Clause 4 of the contract, and they could not be offered in evidence unless the statements were of such a character as to show fraud on the part of the company.

The statement made and offered to be proved would tend only to constitute a warranty; they are not sufficient to constitute fraud, and there being no warranty clause in this contract, no express warranty, we think that the defendant can not be permitted, in view of the provisions of Clause 4, which I have read, to prove an express warranty. *Bagley* v. *General Fire Ex. Co.,* 150 Fed. 284.

Indeed, it seems to us that none of the matters offered to be proved by counsel for the defendant below, plaintiff here, are

competent in this case, and that the entire contract of the parties having been in writing, the law will not permit proof of matters which are clearly matters of contract and outside of the written instrument itself. For that reason we think the judgment in this case should be affirmed.

---

### PREMATURE ENTERING OF JUDGMENT.